IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| KENT BELL, | * | |
| Petitioner, | * | |
| v. | * | Civ. No. DLB-22-3381 |
| STATE OF MARYLAND, | * | |
| Respondent. | * | |

**MEMORANDUM**

On December 30, 2022, Kent Bell filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF 1. Bell also filed correspondence stating that he is able to pay the filing fee. ECF 2. The Court has not received any payment, but as this case must be dismissed, Bell will not be required to correct this deficiency.

Bell challenges his conviction in the Circuit Court for Montgomery County, Maryland in Case No. 121722-C. ECF 1. Bell previously sought habeas relief in this Court on two occasions regarding the same conviction. *See Bell v. Dovey*, Civ. No. GLR-19-2470 (D. Md.); *Bell v. Werner*, Civ. No. SAG-22-0675 (D. Md.). Under 28 U.S.C. § 2244, Bell may file—and this Court may consider—a second or successive habeas corpus petition only after he has asked the United States Court of Appeals for the Fourth Circuit for an order authorizing the district court to consider his application and the Fourth Circuit has entered the order. *See* 28 U.S.C. § 2244(b)(3); *Felker v. Turpin*, 83 F.3d 1303, 1305–07 (11th Cir. 1996); *see also In re Vial*, 115 F.3d 1192, 1197–98 (4th Cir. 1997). Because it does not appear that Bell has complied with this "gatekeeper" provision, the pending application for habeas corpus relief must be dismissed pursuant to 28 U.S.C. § 2244(b)(3).

The United States Court of Appeals for the Fourth Circuit has set forth instructions to obtain an authorization order. The procedural requirements and deadlines are extensive. Consequently, this Court has attached to this Order a packet of instructions promulgated by the Fourth Circuit to address the comprehensive procedure to be followed if Bell wants to seek authorization to file a successive petition. Bell must file the request for authorization with the Fourth Circuit and obtain authorization to file his successive petition before this Court may examine his claims.

When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rose v. Lee,* 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Bell has not demonstrated that this Court should issue a certificate of appealability. He may ask the United States Court of Appeals for the Fourth Circuit to issue one. *See Lyons v. Lee*, 316 F.3d 528, 532 (4th Cir. 2003) (considering whether to grant a certificate of appealability after the district court declined to issue one).

A separate order will follow.

April 25, 2023
Date

Deborah L. Boardman
United States District Judge